UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DAVID W. HENNIS AND
CLARENCE D. CHAPMAN                                                          PLAINTIFFS

V.                                                         CIVIL ACTION NO. 3:08CV32 DPJ-JCS

ALTER TRADING CORPORATION                                                    DEFENDANT

ORDER

This employment dispute is before the Court on Defendant Alter Trading Corporation's motion for summary judgment [38]. The Court, having considered the parties' submissions and applicable law, finds that Defendant's motion is due to be granted.

I.    **Facts/Procedural History**

Plaintiff Clarence D. Chapman began working as a truck driver for Ben Shemper & Sons in Hattiesburg, Mississippi, in 1983. One year later, Plaintiff David W. Hennis accepted a position as a truck driver for Ben Shemper & Sons. In 2007, Defendant Alter Trading Corporation ("Alter") purchased Ben Shemper & Sons and hired Plaintiffs as drivers. At the time, Plaintiff Hennis was 48 years old, Plaintiff Chapman was 63 years old.

Upon purchasing Ben Shemper & Sons, Alter implemented a system for tracking productivity by comparing a driver's actual time for hauling a load to the standard time for that delivery. Of the 130 loads Plaintiff Hennis delivered for Alter, only two of them were completed within the standard time allotted, and his total delivery time exceeded the standard time by over six hundred hours. Plaintiff Chapman failed to deliver any of the 115 loads he hauled for Alter within the standard time, exceeding the total standard time by more than four hundred hours. Plaintiffs do not dispute these figures, but contend that multiple-hour delays at their destinations

often resulted in their deliveries taking longer than the standard time. Alter terminated Plaintiffs' employment for poor production, citing their failure to complete deliveries within the standard time.

Believing that Alter had discriminated against them on account of age, Plaintiffs exhausted their administrative remedies and then filed this action asserting claims for age discrimination, wrongful termination and the tort of outrage. Alter moved for summary judgment in its favor pursuant to Federal Rule of Civil Procedure 56. In response to Alter's motion, Plaintiffs conceded their state law claims for wrongful termination and intentional infliction of emotional distress (outrage). Therefore, the sole claims before the Court are for discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623(a)(1).

## II. Analysis

### A. Summary Judgment Standard

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The non-moving party

must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id*. at 324. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150 (2000).

      B.     Age Discrimination Claim

            1.     *ADEA Standard*

Plaintiffs claim that their discharge violated the ADEA. In the absence of direct evidence of discrimination, a plaintiff may create a presumption of discrimination by stating a prima facie case under the *McDonnell Douglas* framework. *See Berquist v. Washington Mut. Bank*, 500 F.3d 344, 349 (5th Cir. 2007). To establish a prima facie case, a plaintiff must show that "(1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age." *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004). "In cases where the employer discharges the plaintiff and does not plan to replace [him], . . . the fourth element is, more appropriately, that after the discharge others who were not members of the protected class remained in similar

3

positions." *Meinecke v. H & R Block of Houston*, 66 F.3d 77, 83 (5th Cir. 1995) (citations and internal punctuation omitted).

Once the plaintiff establishes a prima facie case, the employer may rebut the presumption of discrimination by "articulating a legitimate, nondiscriminatory reason for the discharge." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 957 (5th Cir. 1993). Satisfaction of this burden eliminates the presumption of discrimination created by the prima facie case. *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 219 (5th Cir. 2001). "The plaintiff then bears the ultimate burden of persuading the trier of fact by a preponderance of the evidence that the employer intentionally discriminated against [him] because of [his] protected status." *Laxton v. Gap, Inc.*, 333 F.3d 572, 578 (5th Cir. 2003). To carry this burden, "a plaintiff must present facts to rebut each and every legitimate non-discriminatory reason advanced by [his] employer in order to survive summary judgment." *Wallace*, 271 F.3d at 220 (citations and quotations omitted); *see also Machinchick v. PB Power*, Inc., 398 F.3d 345, 351 (5th Cir. 2005) (holding that "a plaintiff relying upon evidence of pretext to create a fact issue on discriminatory intent falters if he fails to produce evidence rebutting all of a defendant's proffered nondiscriminatory reasons").

    2.    *Plaintiffs' ADEA Claim*

The Court assumes, without deciding, that Plaintiffs have stated a prima facie case.[1] The

---

[1] Alter concedes the first three elements of the prima facie case but contends that Plaintiffs were not replaced and employees outside the protected class were not treated more favorably. However, in cases where the employee is not replaced, a plaintiff can still establish a prima facie case if "others who were not members of the protected class remained in similar positions." *Meinecke,* 66 F.3d at 83. Plaintiff Hennis alleges that Alter employs younger truck drivers that could have replaced them. Although maintaining that it did not hire new drivers to replace them, Alter does not dispute the fact that it retained younger drivers. Accordingly, Alter has failed to show the absence of a material issue of fact with respect to Plaintiffs' prima facie case.

burden of production shifts to Alter to provide legitimate, nondiscriminatory reasons for firing Plaintiffs. To carry this burden, Alter "need only articulate a lawful reason [for terminating Plaintiffs], regardless of what its persuasiveness may or may not be." *Bodenheimer*, 5 F.3d at 958. Alter explains that "the Plaintiffs were the worst performers at the Hattiesburg yard, and, as compared to the average haul times, took between two and three times as long to complete their deliveries." Defendant's Memo. at 6. This explanation satisfies Alter's burden of production.

Plaintiffs must now demonstrate that (1) Alter's nondiscriminatory reason was false, and was a pretext for discrimination; or (2) Alter's nondiscriminatory reason, although true, is only one reason for their discharge and their age was a motivating factor. *Rachid*, 376 F.3d at 305. Plaintiffs have not offered evidence of mixed motives, instead claiming that Alter's stated reason for their discharge is false. "An explanation is false or unworthy of credence if it is not the real reason for the adverse employment action." *Laxton*, 333 F.3d at 578.

The full text of Plaintiffs' substantive response states that

> the Defendant did not confront Mr. Hennis about any alleged poor production for those five (5) months until his termination. See Exhibit "B." David Shemper, who was the individual who fired both Plaintiffs, had also informed Mr. Hennis that he intended on getting rid of him prior to Alter Trading Company taking over Ben Shemper & Sons. *Id*. Additionally, both Plaintiffs deny that they had any "poor production" problems. See Affidavits of Plaintiffs, attached hereto as Exhibit "F."

Plaintiff's Response at 5.

As to Plaintiffs' first contention, each argues that "[i]f Alter Trading company truly believed that I . . . was taking too long to haul loads it would have discussed any performance problems with me." Chapman Affidavit ¶5; Hennis Affidavit ¶5. This speculative assertion does not demonstrate that Plaintiffs' failure to complete deliveries on time was not the real reason for

their termination. *See TIG Ins. Co.*, 276 F.3d at 759. Second, Shemper's comment to Hennis does not suggest that Alter's stated reason was false, nor does it give rise to any inference of age-based discrimination.

Finally, Plaintiffs claim that their performance was not deficient because any delays in delivery time were caused by problems at the mills. While this may be true, it does not demonstrate that Alter's stated reason was a pretext for discrimination. The Court's inquiry is limited to "whether [Alter's] perception of [Plaintiffs'] performance, accurate or not, was the real reason for [their] termination." *Laxton*, 333 F.3d at 579 (internal quotations and citations omitted). Furthermore, "even an employer's incorrect belief in the underlying facts-or an improper decision based on those facts-can constitute a legitimate, non-discriminatory reason for termination." *Amezquita v. Beneficial Tex., Inc.* 264 F. App'x. 379, 386, (5th Cir. 2008) (citing *Bryant v. Compass Group USA Inc.,* 413 F.3d 471, 478 (5th Cir. 2005); *Mayberry v. Vought Aircraft Co.,* 55 F.3d 1086, 1091 (5th Cir. 1995)). Instead, the concern "is whether the evidence supports an inference that [Alter] intentionally discriminated against [Plaintiffs], an inference that can be drawn if its proffered reason was not the real reason for discharge." *Laxton*, 333 F.3d at 579. Plaintiffs have offered no evidence that the undisputed delivery delays were not the real reason for their discharge, instead challenging only the propriety of Alter's decision. Accordingly, Plaintiffs cannot meet their burden of proof, and Alter's motion for summary judgment is due to be granted.

### III. Conclusion

Based on the foregoing, the Court finds that Alter's motion for summary judgment is granted. A separate judgment will be entered in accordance with Federal Rule of Civil Procedure

58.

**SO ORDERED AND ADJUDGED** this the 5th day of January, 2009.

> s/ *Daniel P. Jordan III*
> UNITED STATES DISTRICT JUDGE